IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NATHANIEL M. WILLIAMS, | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) No. 1:23-cv-1258 (PTG/WEF) |
| HMSHOST AT WASHINGTON DULLES INTERNATIONAL, | ) ) ) ) |
| *Defendant.* | ) ) |

## **MEMORANDUM ORDER**

This matter is before the Court on Defendant's Motion to Dismiss (Dkt. 7) ("Motion"). On September 18, 2023, Plaintiff filed his Complaint in the above-captioned matter. Dkt. 1 ("Compl."). Plaintiff is proceeding *pro se*. On November 24, 2023, Defendant filed the instant Motion along with a *Roseboro* notice, advising Plaintiff that the Court could dismiss the matter on the basis of Defendant's papers if Plaintiff did not file a response. *See* Dkt. 7 at 2; Local Civil Rule 7(K) of the Eastern District of Virginia; *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). To date, Plaintiff has failed to oppose the instant Motion.

### **Background**

Prior to filing this action, Plaintiff filed a complaint against the same defendant in another matter before this Court, captioned as *Williams v. HMSHost at Washington Dulles International Airport*, No. 1:23-cv-948 (E.D. Va.). On June 10, 2024 this Court dismissed the related action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) based on Plaintiff's motion filed there. *See* June 10, 2024 Order, *Williams v. HMSHost at Washington Dulles International Airport*, No. 1:23-cv-948 (E.D. Va. June 10, 2024), Dkt. 21. In the instant Complaint, Plaintiff

1

brings nearly-identical claims against Defendant under Title VII (Counts 1–6) and a claim of interstate stalking under 18 U.S.C. § 2261A (Count 7).[1]

## Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When reviewing a Rule 12(b)(6) motion, the Court "must accept as true all of the factual allegations contained in the complaint[,]" drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). "[T]he court 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (alteration in original) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)). When filed by a *pro se* complainant, a court will construe the complaint and subsequent briefing liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## Analysis

### I. Plaintiff's Abandonment of Complaint

"When a plaintiff fails to oppose a motion to dismiss, a district court is 'entitled, as authorized [by the Local Rules], to rule on the [defendant's] motion and dismiss [the plaintiff's] suit on the uncontroverted bases asserted therein." *Williams v. Dep't of Army*, 2022 WL 4380137,

---

[1] Every count alleged in this Complaint was also alleged in Plaintiff's complaint in the related matter. *Compare* Compl. *with* Dkt. 1, *Williams v. HMSHost at Washington Dulles International Airport*, 1:23-cv-948 (E.D. Va. July 19, 2023).

2

at *2 (E.D. Va. Aug. 22, 2022) (alterations in original) (quoting *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004), *aff'd*, 2023 WL 2571007 (4th Cir. Mar. 20, 2023). Even so, "[w]hen the defendant's motion 'states specific deficiencies with supporting legal argument, the court has discretion to dismiss the case without reaching the merits.'" *Id.* (citation omitted). It is also true that "federal courts possess the inherent authority to . . . dismiss a lawsuit *sua sponte* for failure to prosecute[.]" *United States v. Moussaoui*, 483 F.3d 220, 236 (4th Cir. 2007) (citations omitted).

Generally, "[f]ailure to respond to the defendant['s] arguments constitutes abandonment of those claims." *Williams*, 2022 WL 4380137, at *2 (citation omitted). Plaintiff has failed to prosecute the instant action and has abandoned it by failing to oppose Defendant's instant Motion. Moreover, Plaintiff already moved to withdraw his related action, which resulted in dismissal without prejudice. *See* June 10, 2024 Order, *Williams v. HMSHost at Washington Dulles International Airport*, No. 1:23-cv-948 (E.D. Va. June 10, 2024), Dkt. 21. Dismissal is thus proper on abandonment grounds in the instant action.

## II.  Plaintiff's Complaint Lacks Merit

As to the merits, the Court notes that the Complaint states that "[t]his is the second civil rights complaint based on a 'separate' time period consisting of the 'intentional and continued violations' of Defendant[.]" Compl. ¶ 2. Despite this, the instant Complaint shares nearly identical factual allegations as the complaint in Plaintiff's related action. *Compare* Compl. *with* Compl., *Williams v. HMSHost at Washington Dulles International Airport*, 1:23-cv-948 (E.D. Va. July 19, 2023), Dkt. 1. In its Motion, Defendant even recognizes that "[t]he allegations in the [instant] Complaint are nearly identical to those in an earlier lawsuit [Plaintiff] filed in this Court (Case No. 1:23-cv-948)." Dkt. 7 at 2 n.1. The Court therefore reiterates several of the points it made on the merits of Plaintiff's complaint in the related action in its April 12, 2024 Order, which apply to the

3

similar claims here as well. *See* April 12, 2024 Order, *Williams v. HMSHost at Washington Dulles International Airport*, 1:23-cv-948 (E.D. Va. July 19, 2023), Dkt. 16.

A.   **Plaintiff's Complaint Is Not Insubstantial**

In its Motion, Defendant argues that Plaintiff's Complaint should be dismissed pursuant to the insubstantiality doctrine under Rule 12(b)(1). Dkt. 7 at 4–8. The Court disagrees.

The insubstantiality doctrine "forbids the federal district courts from exercising subject matter jurisdiction over claims that are attenuated and insubstantial, absolutely devoid of merit, obviously frivolous, or no longer open to discussion." *Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 F. App'x 278, 289 (4th Cir. 2013). Dismissal is reserved only for claims that are "truly frivolous." *Davis*, 856 F.2d at 651. Such claims may, for example, include "bizarre conspiracy theories, any fantastic government manipulations of their will or mind, [or] any sort of supernatural intervention." *Best v. Kelly*, 39 F.3d 328, 330 & n.3 (D.C. Cir. 1994) (observing that a complaint was properly dismissed as frivolous under the insubstantiality doctrine where the plaintiff alleged that the federal government inserted a computer chip into his head without permission). On the other hand, "[c]ases which are doubtful on the merits, even those which cannot survive a [Rule] 12(b)(6) motion for failure to state a claim, still are substantial enough to support federal jurisdiction." *Davis*, 856 F.2d at 651.

Plaintiff's Complaint is not so insubstantial that it meets the "difficult" insubstantiality threshold. *Id.* While the Complaint contains some seemingly frivolous allegations, the Complaint puts Defendant on notice as to Plaintiff's claim that he faced a hostile work environment. *Compare* Compl. ¶ 86 (referring to Defendant's "claims of which they can see into [Plaintiff's] eyes and follow him around"), *with id.* ¶ 62 (alleging that Defendant "subject[ed] him to a hostile work environment, seeking to constructively discharge him"). Even if the allegations are arguably doubtful on the merits, they are sufficient to withstand the high bar of dismissal under Rule

12(b)(1) for insubstantiality. Therefore, the Court will deny Defendant's Motion to Dismiss insofar as it seeks dismissal for lack of subject-matter jurisdiction.

### B. Plaintiff Fails to State a Claim

Counts 1 through 6 allege that Defendant violated Title VII of the Civil Rights Act. *See* Compl. Count 7 alleges that Defendant violated 18 U.S.C. § 2261A, which is a criminal statute that prohibits inter-state stalking. *Id.* Plaintiff fails to state a claim as to any of these allegations.

#### 1. Title VII Claims (Counts 1–6)

"[B]efore filing suit under Title VII . . . a plaintiff must exhaust [his] administrative remedies by bringing a charge with the EEOC." *Walton v. Harker*, 33 F.4th 165, 172 (4th Cir. 2022) (citing 42 U.S.C. §§ 2000e-5(b), (f)). The EEOC charge "defines the scope" of a plaintiff's complaint. *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). Thus, a plaintiff's allegations "must correspond to those set forth" in the EEOC charge. *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005). Plaintiff has attached to his Complaint an EEOC charge dual-filed with the Virginia Office of Civil Rights. Dkt. 1-4. Plaintiff has also attached a notice of right to sue issued by the EEOC and dated June 20, 2023. Dkt. 1-5. The Court finds that Plaintiff has plausibly shown that he exhausted his administrative remedies to pursue his Title VII claims in federal court and proceeds to the merits of the Complaint accordingly.

Counts 1 and 2 allege discrimination and disparate treatment in violation of Title VII, respectively. *See* Compl. Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). When pleading a Title VII claim, a claimant is "required to allege facts to satisfy the elements of a cause of action created by" Title VII. *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d

5

582, 585 (4th Cir. 2015). A plaintiff need not plead facts sufficient to constitute a *prima facie* case of the Title VII framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). That said, to survive a motion to dismiss claims brought under Title VII, "courts may look to the requirements of a prima facie case as a guide in assessing the plausibility of a plaintiff's claim for relief." *Miller v. Gruenberg*, 2017 WL 1227935, at *4 (E.D. Va. Mar. 31, 2017) (citation omitted), *aff'd as modified*, 699 F. App'x 204 (4th Cir. 2017).

With these principles in mind, a complainant must allege facts sufficient to plausibly show, absent direct evidence, "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom. Coleman v. Ct. of Appeals of Maryland*, 566 U.S. 30 (2012). But even so, Plaintiff must "allege[] facts that plausibly state a violation of Title VII 'above a speculative level.'" *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 617 (4th Cir. 2020) (citation omitted).

Here, Plaintiff alleges that he was the "sole African-American" employee at his worksite and treated negatively by Defendant's employees "based on his RACE!" Compl. ¶ 4. Plaintiff states that "other races such as Hispanics weren't subjected to being placed under surveillance and stalked[.]" *Id.* ¶ 43. The Court, however, need not credit Plaintiff's conclusory assertions that he was subject to Defendant's alleged conduct because of his race without some level of factual detail. Such allegations must rise above a speculative level. *Bing*, 959 F.3 at 617; *see also Coleman*, 626 F.3d at 190–91 (concluding that a court may dismiss a Title VII race discrimination claim where the "complaint conclusorily alleges that [the plaintiff] was terminated based on his race, [but the complaint] does not assert facts establishing the plausibility of that allegation"). Here, Plaintiff's allegations that he was treated differently based on his race and that employees identifying with

other "races" were not subjected to similar conduct are devoid of sufficient content to bring them above a speculative level. Accordingly, the Court will dismiss Counts 1 and 2.

As to Plaintiff's claim of retaliation as alleged in Count 3, Title VII prohibits an employer from discriminating against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). In order to state a claim of retaliation, Plaintiff must plausibly allege "that: (1) [he] engaged in a protected activity; (2) an adverse action was taken against h[im] by the Defendant; and (3) there was a causal connection between the first two elements." *Forgus v. Mattis*, 753 F. App'x 150, 154 (4th Cir. 2018) (citing *Lettieri v. Equant Inc.*, 478 F.3d 640, 650 (4th Cir. 2007)). To plausibly allege an adverse action, a plaintiff is "required to allege facts sufficient to allow an inference 'that a reasonable employee would have found the challenged action[s] materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Id.* (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)).

Plaintiff alleges that he engaged in protected activity when he filed a complaint to the EEOC and that he "was subjected to adverse employment actions" as a result. Compl. ¶ 52. Again, Plaintiff's conclusory statements are not sufficient to survive a motion to dismiss. *Kloth*, 444 F.3d at 319 (stating that courts "need not accept the legal conclusions drawn from the facts" (citation omitted)). The Court therefore concludes that Plaintiff fails to state a claim of retaliation and will dismiss Count 3.

Finally, the Court turns to Counts 4–6, which contain claims of harassment and a hostile work environment. *See* Compl. Plaintiff "must offer facts that plausibly support inferences that

7

'[]he was subjected to (1) unwelcome conduct, (2) based on h[is] race [or national origin] or sex, that was (3) severe or pervasive enough to make h[is] work environment hostile or abusive and (4) imputable to [ ] h[is] employer.'" *Laurent-Workman v. Wormuth*, 54 F.4th 201, 210 (4th Cir. 2022) (quoting *Bazemore v. Best Buy*, 957 F.3d 195, 200 (4th Cir. 2020)). Plaintiff "must also allege that h[is] protected characteristic under Title VII was the "but for" cause of the alleged harassment." *Id.*

Plaintiff alleges he is a member of a protected class based on race. He then alleges that the conduct to which he was subjected included "harassing him, increased surveillance, unwanted following/stalking, disparate treatment, defamation, and slander, and un-welcome[] sexual harassment." Compl. ¶ 69. Even taking factual allegations such as these as true, Plaintiff fails to plausibly allege that the conduct was based on his race. Plaintiff fails to plausibly allege that his race was a proximate cause of the alleged harassment. *Laurent-Workman*, 54 F.4th at 210. As such, the Court will dismiss Counts 4, 5, and 6.

### 2. Stalking Claim (Count 7)

Finally, as to Count 7 (inter-state stalking), Plaintiff purports to bring a claim pursuant to 18 U.S.C. § 2261A. Compl. ¶¶ 82–92. This law is a federal criminal statute. As a private citizen, Plaintiff may not institute an action against another party under the federal criminal statute. *See, e.g.*, *Cain v. Christine Valmy Int'l Sch. of Esthetics, Skin Care, & Makeup*, 216 F. Supp. 3d 328, 335 (S.D.N.Y. 2016) (concluding that case law unanimously holds that § 2261A lacks a private right of action and collecting cases).

At the end of Count 7, Plaintiff also purports to "reassert[]" his claim for damages by alleging a violation of Va. Code § 8.01-42.3. Compl. ¶ 92. Va. Code § 8.01-42.3 provides a civil remedy for stalking against an individual whose conduct is prohibited under Va. Code § 18.2-60.3,

"whether or not the individual has been charged[.]" Va. Code § 8.01-42.3(A). Va. Code § 18.2-60.3, in turn, is a criminal statute that prohibits stalking.

Va. Code § 8.01-42.3, in incorporating Va. Code. § 18.2-60.3, allows for a plaintiff to pursue damages against an individual who has engaged in conduct "directed at another person with the intent to place, or when he knows or reasonably should know that the conduct places that other person in reasonable fear of death, criminal sexual assault, or bodily injury[.]" Va. Code § 18.2-60.3(A); *see also* Va. Code § 8.01-42.3(A) (authorizing a "civil cause of action against an individual who engaged in conduct that is prohibited under § 18.2-60.3"). The Supreme Court of Virginia has identified three elements in Va. Code § 18.2-60.3:

> (1) the defendant directed his . . . conduct toward the victim on at least two occasions; (2) the defendant intended to cause fear or knew or should have known that his . . . conduct would cause fear; and (3) the defendant's conduct caused the victim to experience reasonable fear of death, criminal sexual assault, or bodily injury.

*Banks v. Commonwealth*, 795 S.E.2d 908, 913 (2017) (alterations in original) (quotation marks and citations omitted).

Even construing the Complaint liberally, Plaintiff fails to plausibly allege that Plaintiff was ever placed in reasonable fear of death, criminal sexual assault, or bodily injury. *See* Compl. ¶ 85 (stating that Plaintiff felt "stressed and targeted"). Therefore, Plaintiff's stalking claim alleged under Count 7 must be dismissed for failure to state a claim as a well.

Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss (Dkt. 7) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. 1) is **DISMISSED without prejudice**.

The Clerk is directed to mail a copy of this Order to Plaintiff.

This is a final order for the purposes of appeal. To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of the Court within thirty (30) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

Entered this 20th day of August, 2024.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge